IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>  Plaintiff,<br><br>  v.<br><br>EVERGREEN MOTORS, INC. d/b/a EVERGREEN KIA,<br>  Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Americans with Disabilities Act of 1990 (the "ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex and on the basis of disability to provide appropriate relief to Daniel Gombash ("Gombash"). As alleged with greater particularity in paragraphs 11, 12, and 13, below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant, Evergreen Motors, Inc. d/b/a Evergreen Kia ("Defendant" or "Evergreen Kia"), violated Title VII and the ADA by subjecting Gombash to sex- and disability-based harassment perpetrated by Defendant's owner, Andrew Francis ("Francis"), and by constructively discharging Gombash as a result of the intolerable working conditions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, in the Eastern Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Evergreen Motors, Inc. d/b/a Evergreen Kia (the "Employer"), an Illinois corporation, has continuously been

doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

## **ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this lawsuit, Gombash filed a charge of discrimination (EEOC Charge No. 440-2016-01078) with the Commission alleging the Defendant Employer violated Title VII and the ADA by subjecting him to harassment and constructively discharging him because of his sex, male (sexual orientation) and on the basis of disability.

7. On March 7, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Defendant Employer discriminated against Gombash because of his sex, male (sexual orientation), in violation of Title VII, by subjecting him to harassment and constructively discharging him, and on the basis of disability, in violation of the ADA, by subjecting him to harassment and constructively discharging him, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The EEOC engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. Thereafter, the EEOC determined that it was unable to secure from Defendant Employer a conciliation agreement acceptable to the EEOC, and on September 7, 2017, issued to Defendant a notice of failure of conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least August 2013, Defendant Employer has engaged in unlawful employment practices at its Chicago, Illinois facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1), and Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a). These unlawful practices include, but are not limited to, the following:

(a) Defendant, through its owner Francis, engaged in sex discrimination against Gombash, a salesperson and gay male, by subjecting him to a continuing course of unwelcome and offensive harassment because of his sex (male). Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment because of Gombash's sex (male).

(b) Defendant constructively discharged Gombash because of his sex (male) on or about April 20, 2015. Gombash was constructively discharged in response to Defendant's creation of, and refusal to discontinue, a sexually hostile

4

work environment. Defendant knowingly created and permitted working conditions that Gombash reasonably viewed as intolerable.

12. Gombash is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8):

(a) Gombash has an impairment, Crohn's disease, which substantially limits his major life activities, including, but not limited to, his ability to control his bowel movements, and the normal functioning of his immune and digestive systems; or

(b) Defendant regarded Gombash as having a disability by subjecting him to adverse employment actions, a hostile work environment and constructive discharge, because of an actual or perceived impairment of Crohn's disease.

13. Since at least August 2013, Defendant Employer has engaged in unlawful employment practices at its Chicago, Illinois facility, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a). These unlawful practices include, but are not limited to, the following:

(a) Defendant, through its owner Francis, engaged in disability discrimination against Gombash by subjecting him to a continuing course of unwelcome and offensive harassment on the basis of disability or because it regarded him as disabled. Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment on the basis of his disability or because it regarded him as disabled.

(b) Defendant constructively discharged Gombash on the basis of his disability or because it regarded him as disabled on or about April 20, 2015.

Gombash was constructively discharged in response to Defendant's creation of, and refusal to discontinue, a hostile work environment on the basis of his disability or because it regarded him as disabled. Defendant knowingly created and permitted working conditions that Gombash reasonably viewed as intolerable.

14. The effect of the practices complained of in paragraphs 11, 12 and 13, above, has been to deprive Gombash of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex and on the basis of his disability.

15. The unlawful employment practices complained of in paragraphs 11, 12 and 13, above, were intentional.

16. The unlawful employment practices complained of in 11, 12 and 13, above, were done with malice or with reckless indifference to the federally protected rights of Gombash.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from employment practices which discriminate on the basis of sex and disability.

B. Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities based on sex and

disability, and which ensure that its operations are free from the existence of a hostile work environment because of sex or on the basis of disability.

C. Order Defendant Employer to make Daniel Gombash whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D. Order Defendant Employer to make Daniel Gombash whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11, 12 and 13, above, such as debt-related expenses, job search expenses, medical expenses and other expenses reasonably incurred by Gombash as a result of Defendant's conduct, in amounts to be determined at trial.

E. Order Defendant Employer to make Daniel Gombash whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11, 12 and 13, above, including but not limited to, emotional pain, suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employer to pay Daniel Gombash punitive damages for its malicious and reckless conduct, as described in paragraphs 11, 12 and 13, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>James Lee
>Deputy General Counsel
>
>Jerome Scanlan
>Associate General Counsel
>
>Equal Employment Opportunity Commission
>131 M St. NE
>Washington, DC 20507
>
>s/ Gregory M. Gochanour
>Greg Gochanour
>Regional Attorney
>
>s/ Diane I. Smason
>Diane Smason
>Supervisory Trial Attorney
>
>s/ Miles Shultz
>Miles Shultz
>Trial Attorney
>
>Equal Employment
> Opportunity Commission
>Chicago District Office
>500 W. Madison St.
>Suite 2000
>Chicago, IL 60661
>312-869-8053